**COMMODITY FUTURES TRADING COMMISSION, Plaintiff-Appellee,**

**v.**

**BRITISH AMERICAN COMMODITY OPTIONS CORPORATION and John Forma, Defendants,**

**Appeal of John FORMA, Defendant-Appellant.**

**No. 1022, Docket 85–6152.**

United States Court of Appeals, Second Circuit.

Argued March 24, 1986.

Decided April 15, 1986.

Paul Chernis, New York City (Lowy & Chernis, New York City, on brief), for defendant-appellant John Forma.

Edward S. Geldermann, Atty., Commodity Futures Trading Com'n, Washington, D.C. (Pat G. Nicolette and Whitney Adams, Deputy General Counsels, Washington, D.C., on brief), for plaintiff-appellee.

Before MANSFIELD, TIMBERS and MESKILL, Circuit Judges.

PER CURIAM:

Appellant John Forma, the sole shareholder of British American Commodity Options Corp. ("BACO"), appeals from an order entered April 17, 1985 in the Southern District of New York, Lee P. Gagliardi, *District Judge,* requiring appellant to disgorge the income which he received from BACO in 1977. Appellant claims that the court erred in requiring disgorgement because the Commission failed to establish a nexus between the proceeds from BACO and the wrongful conduct, and because BACO's failure to register as a futures commission merchant is not a proper basis for disgorgement of proceeds.

Since October 1975 when BACO commenced operations as an options broker, the Commodity Futures Trade Commission ("Commission") has attempted to bring BACO's activities within the requirements of the Commodities Exchange Act and the regulations promulgated thereunder.[1] The instant action stems from the Commission's complaint against BACO which alleged that since January 17, 1977, BACO, with the aid of appellant Forma, had engaged in the options trading business without registering as a futures commission merchant ("FCM") in violation of the Commission's regulations, 17 C.F.R. § 32.3(a) and (b)(1) (1985), and that from December 9, 1976 appellant and BACO had conducted a fraudulent options scheme. The district court conducted extensive hearings in April and May of 1977. In an opinion dated August 31, 1978, CFTC v. BACO *and John Forma* [1977–80] Comm.Fut.L.Rep. (CCH) ¶ 20,662 (S.D.N.Y.1978), the district court found abundant evidence that BACO and appellant had violated flagrantly both the registration requirements and the antifraud provisions of the Commodities Exchange Act. BACO and appellant, according to the court, seriously misrepresented the risks, guarantees, costs, mechanics of commodities investments, as well as BACO's status and expertise. The court issued an injunction against BACO. A receiver, authorized to make application for disgorgement, was appointed. Following a series of depositions and hearings on the issue of disgorgement of proceeds from appellant individually, the district court ordered disgorgement of $1,023,375, the income from BACO which appellant declared on his 1977 income tax return.

Essentially, appellant argues on appeal that the Commission must establish, dollar for dollar, the proceeds that were derived from fraudulent conduct. Appellant also argues that failure to register as an FCM is not an appropriate ground for disgorgement. We disagree.

Generally, where benefits result from both lawful and unlawful conduct, the party seeking disgorgement must distinguish between the legally and illegally derived profits. *See, e.g., SEC v. Texas Gulf Sulphur Co.,* 446 F.2d 1301, 1308 (2 Cir.), *cert. denied,* 404 U.S. 1005 (1971); *SEC v. Willis,* 472 F.Supp. 1250, 1276 (D.D.C.1978). The instant case differs, however, since appellant was involved not in isolated instances of fraud, but in systematic and pervasive fraud. In addition, appellant's conduct— his failure to register as an FCM—

---

1. On July 22, 1976 the Commission sought, but was denied, an injunction to prevent BACO from selling London options without first registering and obtaining approval to act as a commodities trading advisor as required by 7 U.S.C. § 6m (1982). On appeal by the Commission to this Court, we held that, since the Commission had established a prima facie violation and likelihood that such violations would continue, an injunction against BACO must issue. *CFTC v. British American Commodity Options Corp.,* 560 F.2d 135 (2 Cir.1977). BACO began shutting down operations on September 7, 1977.

also was a violation of the Commission's regulations.[2] The problem in this case is finding *any* activity that was lawful. Accordingly, all of the profits earned from BACO's 1977 activities were illegally derived.

Precedent in other circuits, and precedent in this Court in the securities law context, support disgorgement in this case involving both fraud and regulatory violations. In *CFTC v. Co Marketing Group, Inc.*, 502 F.Supp. 806, 819 (C.D.Cal.1980), *aff'd*, 680 F.2d 573 (9 Cir.1982), the court ordered disgorgement where the corporation had violated the prohibition against sales of gasoline futures except through authorized boards of trade. In *CFTC v. Hunt*, 591 F.2d 1211, 1222–23 (7 Cir.), *cert. denied*, 442 U.S. 921 (1979), the court held disgorgement appropriate where the statutory and regulatory limitations on soybean futures contracts were exceeded. Violations of the Commodities Exchange Act and the Commission's regulations in these cases did not necessarily involve fraudulent conduct. We have recognized that disgorgement serves the purpose of depriving the wrongdoer of his ill-gotten gains and deterring violations of law. *SEC v. Texas Gulf Sulphur Co.*, *supra*, 446 F.2d at 1307–09 (SEC's power not limited to injunctive relief; disgorgement was remedial in nature); *SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1103 (2 Cir.1972) (where equity jurisdiction was properly invoked, court had the necessary power to fashion an appropriate remedy; disgorgement of proceeds allowed).

Disgorgement not only deprives the wrongdoer of benefits derived from unlawful conduct but it also effectuates the purpose underlying the Commodities Exchange Act—protection of the investor. In view of BACO's pervasive fraudulent conduct and its failure to comply with the Commission's regulations, we hold that the district court's disgorgement order was necessary and appropriate. We affirm substantially for the reasons set forth in Judge Gagliardi's opinion of April 17, 1985.

Affirmed.

---

2. The Commission initially sought disgorgement of proceeds derived from BACO since December 9, 1976. Because of the Commission's inability to specify the fraudulently derived funds received in December, however, the court denied this request. Regulation 32.3, 17 C.F.R. § 32.3, which requires registration of FCMs with the Commission, took effect on January 17, 1977. From that date, BACO was operating in violation of the regulation.

We reject Forma's argument that BACO's unregistered operation as an FCM was somehow immunized by the district court's refusal to enjoin BACO's unregistered operation as a commodities trading advisor ("CTA"). The FCM registration regulations imposed requirements additional to and distinct from those imposed by the CTA registration statute. Furthermore, as we noted in our opinion reversing the district court on the CTA matter: "[T]o the extent that British American's business activities have succeeded through the unlawful [operations] while not registered, British American [and Forma have] been acting at [their] own peril." *CFTC v. British American Commodity Options Corp.*, *supra*, 560 F.2d at 143.