[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10758
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:08-cv-60315-RSR


SECURITIES & EXCHANGE COMMISSION,

Plaintiff - Appellee,


versus


W. ANTHONY HUFF,
SHERI HUFF, Relief Defendant,
MIDWEST MERGER MANAGEMENT, LLC, Relief Defendant,

Defendant -Appellants,

DANNY L. PIXLER, et al.,

Defendants.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 3, 2012)

Before TJOFLAT, MARTIN and HILL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Anthony Huff controlled a business scheme that directed millions of dollars in proceeds from one company, Certified Services, Inc. ("Certified"), to another company, Midwest Merger Management, LLC ("Midwest"). The SEC filed this civil enforcement action against Huff, Sheri Huff, and Midwest after Certified's collapse. Following a bench trial at which some of Huff's former business partners testified as SEC witnesses, the district court[1] found Huff was "the moving force" behind numerous misrepresentations and omissions in Certified's SEC filings between November 2002 and November 2004, and hence liable for five counts of securities law violations. The court also ordered Huff to disgorge $10.017 million, plus interest.

Huff argues on appeal that the factual findings underpinning the district court's liability determinations were clearly erroneous because of insufficient evidence. He also claims that the court abused its discretion when it ordered disgorgement because it relied on erroneous findings of fact and because it improperly applied the law.

---

[1] The parties consented to proceeding before the magistrate judge in accordance with 28 U.S.C. § 636(c). The magistrate judge's decisions, which reflect capable work, will be referred to as those of the district court.

This Court may not set aside the district court's findings of fact unless they are clearly erroneous. SEC v. Carriba Air, Inc., 681 F.2d 1318, 1323 (11th Cir. 1982). "Under clear error review, the district court's determination must be affirmed 'so long as it is plausible in light of the record viewed in its entirety.'" Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp., Inc., 575 F.3d 1180, 1186 (11th Cir. 2009). We review "the district court's findings regarding the amount of ill-gotten gains to be disgorged for abuse of discretion." SEC v. Silverman, 328 F. App'x 601, 603 (11th Cir. 2009) (citing SEC v. Calvo, 378 F.3d 1211, 1217–18 (11th Cir. 2004)). "The SEC's burden for showing the amount of assets subject to disgorgement . . . is light: a reasonable approximation of a defendant's ill-gotten gains . . . Exactitude is not a requirement." SEC v. ETS Payphones, Inc., 408 F.3d 727, 735 (11th Cir. 2005) (quotation marks omitted).

Upon a thorough review of the briefs and the district court's findings of fact, and with the benefit of oral argument, we conclude that Huff has not carried his heavy burden of showing either clear error or an abuse of discretion. In light of the record viewed as a whole, the district court's findings that Huff reviewed and approved the SEC filings and was the moving force behind the filings' misrepresentations and omissions is wholly plausible. Under clear error review, we therefore must affirm Huff's liability on Counts I–IV. See Gibraltar Monetary

Corp., Inc., 575 F.3d at 1186.  Similarly, we hold that the district court did not clearly err in finding that Huff "had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted" in the securities law violations.  Brown v. Enstar Group, Inc., 84 F.3d 393, 396 (11th Cir. 1996) (quotation marks omitted).  Accordingly, under Section 20(a) of the Securities Exchange Act, we affirm Huff's liability on Count V as a "controlling person" of Certified.  See 15 U.S.C. § 78t(a).

Finally, we hold that the district court's approximation of Huff's ill-gotten gains was reasonable.  The district court adequately supported its finding that the material misrepresentations of fact and omissions of material fact in the SEC filings played a critical role "in allowing Huff's scheme to persist for as long as it did and in permitting Huff to obtain improperly so many millions of dollars from Certified."  Beyond this, in cases such as this one where the record shows the fraud to have been "pervasive," we cannot say it was an abuse of the district court's broad discretion to order that the profits associated with the fraudulent scheme be disgorged.  See Commodity Futures Trading Comm'n v. British Am. Commodity Options Corp., 788 F.2d 92, 93–94 (2d Cir. 1986) (holding that where fraud is "pervasive," disgorgement of "all" profits is warranted).  Huff attacks the precise figure calculated by the district court, but in doing so, he forgets that

4

"[e]xactitude" in this context "is not a requirement." ETS Payphones, 408 F.3d at

735.  For this reason, we affirm the district court's disgorgement order.

**AFFIRMED.**