Gloria **MENDOZA et al., Plaintiffs,**

v.

Abe **LAVINE et al., Defendants.**

No. 74 Civ. 4994 (KTD).

United States District Court, S. D. New York.

Aug. 13, 1976.

---

Jack John Olivero, Richard J. Hiller, Herbert Teitelbaum, Kenneth Kimerling, Puerto Rican Legal Defense & Education Fund, Inc., Joan Bertin Lowy, George C. Stewart, MFY Legal Services, Inc., New York City, John C. Gray, Jr., Brooklyn, N.Y., Paul McAloon, New York City, Brooklyn, N.Y., Brooklyn Legal Services Corp. B., for plaintiffs.

Robert B. Fiske, Jr., U. S. Atty., by Thomas Edward Moseley, Asst. U. S. Atty., W. Bernard Richland, Corp. Counsel, for City of New York, by Gayle Redford, Asst.

**522**

Corp. Counsel, Louis J. Lefkowitz, Atty. Gen., for State of N. Y., by Amy Juviler, Asst. Atty. Gen., New York City, for defendants.

### OPINION

KEVIN THOMAS DUFFY, District Judge.

This is a motion by plaintiffs for class certification pursuant to Rule 23(c), Fed.R. Civ.P. The proposed certification is not opposed by either the federal or state defendants. However, the city defendant, Dumpson, does oppose class certification as discussed below. The basic nature of the action is a challenge by Spanish-speaking persons to certain of New York City's practices and policies in administering federally funded public assistance programs. The challenged practices and policies allegedly result in a denial of public assistance benefits because of plaintiffs' English language deficiencies.

The proposed class would consist of:

"all persons who are eligible for or receiving benefits or services in federally funded public assistance programs who are most efficiently able to communicate in Spanish, their dominant language, who are deficient in any respect in the English language and who, as a result of such language deficiency, receive unequal treatment in their receipt of statutorily mandated public assistance benefits."

Plaintiffs contend that the proposed class meets all the requirements of Rule 23(a) and is properly certifiable as a Rule 23(b)(2) class. The numerosity requirement of Rule 23(a)(1) is clearly satisfied, as defendant Dumpson apparently concedes, by the fact that the class apparently consists of about 350,000 persons. Moreover, plaintiffs contend that common questions of fact exist concerning the actual practices challenged and the alleged deprivations they work. Likewise plaintiffs argue that common questions of law exist concerning the alleged violations of the equal protection and due process clauses of the Fourteenth Amendment to the Constitution. It is plaintiffs' position that these common questions satisfy the requirements of Rule 23(a)(2). Claims relating to violations of the Social Security Act and other federal regulations are allegedly common to segments of the proposed class. Accordingly, a further application for certification of subclasses based on these claims may be appropriate at a later stage of the litigation. Rule 23(c)(4).

The allegations of the complaint with respect to the named plaintiffs' inability to understand significant forms and documents and delays in receipt of benefits occasioned by the lack of bilingual personnel or interpreters are said to be typical of the class. Rule 23(a)(3). Finally, the representative nature of their claims as well as the experience and ability of their attorneys is offered by plaintiffs to demonstrate that they will fairly and adequately represent the interests of the class. Rule 23(a)(4).

With respect to Rule 23(b) it is urged that the nature of defendants' conduct toward the class as a whole as well as the propriety, should plaintiffs prevail, of final injunctive and declaratory relief make this an appropriate Rule 23(b)(2) class.

The City defendant's opposition to the class certification is on three basic grounds. The defendant contends (1) that the class is too amorphous and imprecise, (2) that there are factual discrepancies among class members, and (3) that certification of a class is unnecessary.

The argument that the proposed class is too amorphous and imprecise is based on plaintiffs' failure to distinguish between those members of the proposed class whose English is allegedly adequate and those who have a complete inability to communicate in English. However, the proposed class definition contains a term limiting the class to those whose language deficiency has resulted in unequal treatment in the receipt of benefits. Thus it would not follow that, as defendant argues, the class includes those who can effectively communicate in English concerning the underlying benefits. Whether or not the class has in fact suffered unequal treatment is a

question going to the merits and cannot be resolved at this time. I find the proposed class definition to be adequately specific. See *Lau v. Nichols*, 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974); *Perez v. Lavine*, 378 F.Supp. 1390 (S.D.N.Y.1974); 7 Wright & Miller, Federal Practice and Procedure § 1760 at 580 (1972).

 The alleged factual disparities among the members of the class are said by defendant to preclude common questions of law or fact (Rule 23(a)(2)), to render plaintiffs' representation inadequate (Rule 23(a)(3)), and to defeat Rule 23(b)(2) status. The actual facts concerning each member of the proposed class will of course vary somewhat. However, the common problem alleged (deprivations as a result of language difficulties) and the questions of law raised by that problem satisfy the requirements of Rule 23(a)(2).

Likewise, the representative plaintiffs' claims must be viewed as typical even if they are not identical with the claims of each member of the class. See *Leisner v. New York Telephone Co.*, 358 F.Supp. 359, 372 (S.D.N.Y.1973). The argument that some class members may be adequately able to communicate ignores the fact noted above that those who have not suffered unequal treatment are not included in the class definition. In any case, should any conflicts develop within the class, I will, as I indicated, consider certifying appropriate subclasses under Rule 23(c)(4)(B).

Nor does the possibility of factual discrepancies render this an inappropriate (b)(2) class. I find the proposed class to be adequately homogeneous and cohesive within the scope of Rule 23(b)(2) to make injunctive or declaratory relief, if appropriate, applicable to the class as a whole.

Finally, defendants contend that class certification is unnecessary since a judgment would run to the benefit of all those situated similarly to plaintiffs. See *Galvan v. Levine*, 490 F.2d 1255 (2d Cir. 1973), *cert. denied,* 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974). Nevertheless, it seems advisable to cautiously safeguard the interests of the entire class by ensuring that any order runs to the class as a whole. See *Perez v. Lavine*, 73 Civ. 4577 (S.D.N.Y., Dec. 13, 1974). Were this unnecessary, class certification pursuant to Rule 23(b)(2) would, arguably, never be necessary. Moreover, class certification will also help to avoid any future problem of mootness. See *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

For all of the above reasons, the class proposed by plaintiffs will be certified.

Settle order on notice.