**Robert LENT, Plaintiff**

v.

**Raymond LOPES and Victor Liburdi, Defendants.**

**Civ. No. N 84–554 (WWE).**

United States District Court,
D. Connecticut.

Aug. 1, 1985.

Leslie Sheppard, Hartford, Conn., for plaintiffs.

Peter E. Wiese, Stephen J. O'Neill, Asst. Attys. Gen., Hartford, Conn., for defendants.

## RULING ON MOTION FOR CLASS CERTIFICATION

EGINTON, District Judge.

Robert Lent, a prisoner incarcerated at the Connecticut Correctional Institute, Cheshire ("Cheshire"), brought the action for declaratory and injunctive relief from the allegedly overcrowded and unhealthful conditions at Cheshire. Defendants are the state Commissioner of Corrections and the warden of Cheshire.

Plaintiff has moved that all other inmates of Cheshire who are affected by the policies, practices, or acts of the defendants be certified as a plaintiff class under Fed. R.Civ.P. 23(a), (b)(2). For the reasons set forth below, plaintiff's motion for class certification is DENIED.

All members of the proposed class would benefit from any relief granted by the

court, even if the class were not certified. The situation here is that "the very nature of [the case] requires that the decree run to the benefit not only of the named plaintiffs, but also for all persons similarly situated." *Cook v. Luckett*, 575 F.Supp. 479, 489 (S.D. Miss.1983) (quoting *United Farmworkers of Florida Housing Project, Inc. v. Delray Beach*, 493 F.2d 799, 812 (5th Cir.1974)). The effects of class certification will be gained from the relief that plaintiff seeks.

In such a situation, class certification is "unnecessary and inappropriate." *Id.* at 490. *Accord Denenberg v. Blum*, 93 F.R.D. 131, 132 (S.D.N.Y.1982) (if benefits sought by plaintiffs would inure to all members of a class similarly situated, then class certification is "unnecessary").

Accordingly, the motion for class certification is DENIED.