**Carmen LUYANDO, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**Otis R. BOWEN, as Secretary of Health and Human Services, William J. Grinker, as Commissioner of The City of New York Human Resources Administration and on behalf of all others similarly situated, and Cesar A. Perales, as Commissioner of the State of New York Department of Social Services, Defendants.**

No. 87 CV 5779 (KMW).

United States District Court, S.D. New York.

Jan. 12, 1989.

Marshall Green, Steven Godeski, Ian F. Feldman, The Legal Aid Soc., New York City, for plaintiff.

Diogenes P. Kekatos, Asst. U.S. Atty., Rudolph Giuliani, U.S. Atty., New York City, for Bowen.

Lina Liberatore, Asst. Corp. Counsel, Peter L. Zimroth, Corp. Counsel, New York City, for Grinker.

Robert J. Schack, Asst. Atty. Gen., Robert Abrams, Atty. Gen., New York City, for Perales.

### OPINION AND ORDER
KIMBA M. WOOD, District Judge.

This action arises out of federal and state regulations that provide for the "pass-through" of child-support payments to participants in the Aid to Families With Dependent Children (AFDC) program, who must assign their rights to child support to the state; the state "passes-through" the first $50 collected each month to the AFDC participant. Plaintiff challenges as unconstitutional the state and federal regulations that provide for this "pass-through" only if the money is collected in the month it is due. Plaintiff has moved for certification of plaintiff and defendant classes. For the

reasons below, plaintiff's motion is granted.

## I. STATUTORY AND REGULATORY FRAMEWORK

The AFDC program is aimed at encouraging the care of dependent children in their own homes or in the homes of relatives financially unable to provide for these children. 42 U.S.C. § 601. The program is a federal-state cooperative effort.

As a condition of eligibility for receiving assistance under the AFDC program, parents are required to assign their rights to child support payment to their state. 42 U.S.C. § 602(a)(26). 42 U.S.C. § 657(b)(1) provides:

> [T]he first $50 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month.

Defendant Bowen is charged with promulgating regulations to implement this statutory provision. 45 C.F.R. § 302.51(b)(1) provides:

> Of any amount that is collected in a month which represents payment on the required support obligation for that month, the first $50 of such amount shall be paid to the family.... If the amount collected includes payment on the required support obligation for a previous month or months, the family shall only receive the first $50 of the amount which represents the required support obligation for the month in which the support was collected.

Defendant Perales has in turn promulgated 18 N.Y.C.R.R. § 352.15(a), which in pertinent part mirrors the federal regulation. It provides:

> The first $50 per household per month of support payments collected by the Child Support Collection Unit toward the monthly support obligation for the household shall be paid to the public assistance household as a special payment. This payment is made only with respect to current support collections, not arrears.

As agents of the State, each social services district commissioner is bound to follow both regulations. *See* Social Services Law (SSL) §§ 20 and 65.

## II. PLAINTIFF'S CLAIMS

Plaintiff claims that the federal and state regulations violate their rights under 42 U.S.C. § 657(b)(1), the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and the Fifth Amendment of the United States Constitution. They seek a declaratory judgment, injunctive relief, and retroactive benefits.

Plaintiff seeks to certify both a plaintiff class and a defendant class. The proposed plaintiff class is defined as all persons who:

(a) Reside, have resided or will reside in the State of New York and have received, receive or will receive benefits under the Aid to Families with Dependent Children program; and

(b) Have had, since October 1, 1984, or will have support collected under the Child Support Enforcement program on their behalf by Human Resources Administration (HRA) or a defendant class member; and

(c) Have not received or will not receive the first $50 of each month's support payment collected periodically by HRA or a defendant class member unless the support payment is received in the month in which it is due.

The defendant class shall be defined as all persons who are commissioners of social services districts in New York State.[1]

---

**1.** Defendant Otis R. Bowen, Secretary of Health and Human Services, and defendant Cesar A. Perales, Commissioner of the State of New York Department of Social Services, have been named as individual defendants, and will remain so. The proposed defendant class consists of the 58 local commissioners of social services districts in New York State.

## III. CERTIFICATION OF PLAINTIFF CLASS [2]

### A. *Rule 23(a)*

A plaintiff bears the burden of establishing the right to maintain a class action under Federal Rule of Civil Procedure 23. To do so, plaintiff must meet all the requirements of Rule 23(a), and at least one of the requirements of 23(b).

The four prerequisites required by Rule 23(a) are:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Defendants do not dispute that plaintiff has satisfied prerequisites 1, 3, and 4 (numerosity, typicality, and fair and adequate representation).

█ As to numerosity, it is well settled that "plaintiffs need not demonstrate with precision the number of persons in the purported class to satisfy the requirement that joinder be impracticable where such a conclusion is clear from reasonable estimates." *Deary v. Guardian Loan Co., Inc.,* 534 F.Supp. 1178, 1190 (S.D.N.Y.1982). Plaintiff's undisputed estimate is that the class exceeds one thousand persons. In addition, plaintiff has shown that the class members are scattered throughout the state, and that, given the small amount of money that is likely to be involved for each person, it is impractical for each person to bring suit individually. *See, Ellender v. Schweiker,* 550 F.Supp. 1348, 1359, 1360 (S.D.N.Y. 1982). Accordingly, I hold that plaintiff satisfies the requirements of Rule 23(a)(1).

Rule 23(a)(2) requires plaintiff to show that there are questions of law or fact common to the class. It is undisputed that the legal issues involved are common to all class members. Defendant HRA claims that plaintiff cannot satisfy the requirements of this subsection of Rule 23 be-cause different factual circumstances exist regarding each proposed class member's entitlement to retroactive payments. However, differing factual circumstances among members of the class will not result in a failure to meet the requirements of 23(a)(2) as long as the procedures used by defendant in each type of action are identical. *Escalera v. New York City Housing Authority,* 425 F.2d 853, 867 (2d Cir.), *cert. denied,* 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed. 2d 91 (1970). Since defendants in this case are bound by state and federal regulations, the same regulations are enforced by each defendant. In addition, minor differences in the underlying facts of individual class members' cases do not defeat a showing of commonality where there are common questions of law. *See, Mendoza v. Lavine,* 72 F.R.D. 520, 523 (S.D.N.Y.1976). Thus, I hold that plaintiff satisfies the requirements of Rule 23(a)(2).

Plaintiff also satisfies the requirement of Rule 23(a)(3) that the claims of the named plaintiff be typical of the claims of the class. On two occasions, plaintiff did not receive the first $50 of a monthly child support payment paid by a responsible relative solely because the HRA did not receive the payment in the month it was due. Thus, plaintiff's claim "arises from the same event or course of conduct that gives rise to the claims of other class members and the claims are based on the same legal theory. [footnote omitted.]" *Dura–Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R. D. 87, 99 (S.D.N.Y.1981). Plaintiff's interests are identical to the interests of the proposed class members.

Finally, it is clear that plaintiff will fairly and adequately protect the interests of the class as required by Rule 23(a)(4). There is no conflict between the class representative and the class members. In addition, the Court is confident that the representative will vigorously and ably advance the claims of the proposed class. Plaintiff is represented by attorneys from the Civil Division of The Legal Aid Society, which has litigat-

---

**2.** The Court notes that recent decisions of two other courts have certified plaintiff classes challenging precisely the same regulations chal-lenged raised in this case. *Beasley v. Harris,* 671 F.Supp. 911, 922 (D.Conn.1987); *Wilcox v. Petit,* 117 F.R.D. 314, 316 (D.Maine 1987).

ed numerous class actions and has sufficient resources and experience to protect the interests of the class members. *Rivers v. Schweiker*, 523 F.Supp. 783, 786–87 (S.D. N.Y.1981), *aff'd*, 692 F.2d 871 (2d Cir.1982), *cert. denied*, 460 U.S. 1088, 103 S.Ct. 1783, 76 L.Ed.2d 353 (1983).[3] Thus, plaintiff has fulfilled the prerequisites of Rule 23(a).

## B. Rule 23(b)

In addition to fulfilling the prerequisites of Rule 23(a), plaintiff must satisfy one of the three provisions of Rule 23(b). Here, plaintiff clearly meets the requirements of Rule 23(b)(2), which provides:

> The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Plaintiff here is challenging defendants' continuing policy and practice of withholding the first $50 of a monthly support payment from a class member unless the payment is received in the month due. In *Wilcox, supra,* plaintiffs succeeded in obtaining class certification under 23(b)(2) in order to challenge the identical practice:

> Defendants have established a regulatory scheme concerning the "pass-throughs" which is generally applicable to the class, thereby making appropriate injunctive or declaratory relief with respect to the class as a whole. Thus, the Plaintiffs qualify for class certification.

*Wilcox v. Petit*, 117 F.R.D. at 318. Accordingly, I hold that plaintiff has satisfied the requirements of Rule 23(b)(2), and qualifies for class certification. Because I hold that plaintiff has met the requirements of 23(b)(2), I need not address whether plaintiff has also satisfied 23(b)(1)(A) or 23(b)(1)(B), and make no finding thereon.

## C. Defendant's Other Objections

■ Defendants raise three additional objections to the certification of a plaintiff class. First, defendants argue that certification would be unnecessary because if plaintiff wins, the benefit will inure to all proposed class members. *See, Galvan v. Levine*, 490 F.2d 1255 (2d Cir.), *cert. denied*, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed. 2d 240 (1974). However, *Galvin* is inapplicable where plaintiff seeks retroactive benefits as well as injunctive relief. *See, Calkins v. Blum*, 511 F.Supp. 1073, 1089 (N.D. N.Y.1981), *aff'd*, 675 F.2d 44 (2d Cir.1982). Defendants then argue that plaintiff will not succeed in obtaining retroactive benefits because such an award would be barred by the doctrine of sovereign immunity. However, "[r]egardless of the merits of Defendants' argument, the Court cannot and will not reach the question of sovereign immunity in this motion for class certification." *Wilcox v. Petit*, 117 F.R.D. at 319. The Supreme Court has rejected this type of preliminary ruling on the merits, holding that there is

> nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.

*Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). Accordingly, defendants' argument under *Galvan* must fail.

Secondly, defendant HRA argues that if retroactive benefits are awarded, the burden on HRA of determining each plaintiff's entitlement would be too great; he argues that it would be more appropriate to require all public assistance recipients who believe they are similarly situated to plaintiff to file individual claims. This argument does not affect the certification of a class. If the burden on defendants of producing this information were to prove too great, this Court could require each plaintiff to provide an estimate of his or her entitlement, regardless of whether a plaintiff class is certified. Moreover, only defendants have access to information regarding the payments received by HRA; AFDC recipients have no way of knowing when support payments were received, the

---

3. The Court also notes the excellent reputation enjoyed by The Legal Aid Society, as well as the high quality of the legal memoranda submitted to the Court in support of this motion.

amounts of the payments, and which month's support obligation each payment represents. In addition, it is unrealistic to expect each plaintiff to bring an individual claim, given that only a small amount of money is likely to be involved in many cases and given the indigent nature of the class. Accordingly, the Court finds that a class action will be superior to any other available method for the fair and efficient adjudication of the controversy.

Finally, defendants object to the definition of the class on two grounds: (1) it includes persons who "will be denied" money, and (2) it is improperly result determinative. The Second Circuit has recently held it proper to certify a class that included future members, where the class challenged an AFDC regulation. *See, Henry v. Gross*, 803 F.2d 757, 762 (2d Cir.1986). Although there may be some question concerning the Court's jurisdiction over future members, courts in this circuit have certified classes that include future members noting that there is no jurisdiction problem because no court order will affect a class member until he or she has presented a claim to the Secretary. *Dixon v. Bowen*, 673 F.Supp. 123, 127 (S.D.N.Y.1987); *New York v. Heckler*, 105 F.R.D. 118, 122 (S.D.N.Y.1985).

■ Defendants are correct in objecting that the class definition is improperly result determinative in that it refers to "support collected ... on [plaintiffs'] behalf," despite the fact that the rights to receive these payments have been or will be assigned by the putative plaintiff to the HRA or a defendant class member. Accordingly, the plaintiff class shall be defined as all persons who:

(a) Reside, have resided or will reside in the State of New York and have received, receive or will receive benefits under the Aid to Families with Dependent Children program; and

(b) have assigned since October 1984, or will assign, to Human Resources Administration (HRA) or to a defendant class member, as a condition for their receipt of AFDC benefits, their rights to receive child support from an absent parent in any amount; and

(c) Have not received or will not receive the first $50 of each month's support payment collected periodically by HRA or a defendant class member unless the support payment is received in the month in which it is due.

## IV. CERTIFICATION OF DEFENDANT CLASS

### A. Rule 23(a)

Plaintiff must demonstrate that its proposed class of defendants, 58 local commissioners, satisfies the four prerequisites of Rule 23(a).

■ As to numerosity, the proposed defendant class will be comprised of 58 people. While the question of what constitutes numerosity for purposes of class certification depends on the particular circumstances of each case, a higher threshold number of members is required for a plaintiff class than a defendant class. 1 H. Newberg, *Newberg on Class Actions*, 2d ed., § 4.55 at 395. *See also, Marcera v. Chinlund*, 595 F.2d 1231 (2d Cir.), *vacated on other grounds*, 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979) (defendant class of 42 public officials certified); *Kendall v. True*, 391 F.Supp. 413 (W.D.Ky. 1975) (defendant class of 16 judges certified). In addition, the defendant class members are scattered throughout the state. Accordingly, I hold that the defendant class satisfies the requirements of Rule 23(a)(1).

Rule 23(a)(2) requires plaintiff to show that there are questions of law or fact common to the class. It is undisputed that the legal issues involved are common to all class members. Defendant HRA claims that plaintiff cannot satisfy the requirements of this rule because plaintiff has not established that the practices and procedures of the 58 local commissioners are sufficiently similar to warrant a conclusion that questions of fact are common to the proposed defendant class members. Because I find that there are questions of law common to the class, I need not find that there are questions of fact common to the

class. However, since the members of the proposed class of defendants in this case are required to enforce the challenged state and federal regulations, to the extent that they implement these regulations, their practices are likely to be similar in respects relevant to plaintiff's claim. To the extent that a local commissioner does not follow the challenged regulations, that commissioner would be in violation of state law. In addition, any differences in the implementation of these regulations are likely to be only minor ones, which differences would be insufficient to defeat a showing of commonality where there are common questions of law.[4] *See, Mendoza v. Lavine*, 72 F.R.D. at 523. Thus, I hold that the defendant class satisfies the requirements of Rule 23(a)(2).

The defendant class also satisfies the requirement of Rule 23(a)(3), that the claims of the named defendant be typical of the claims of the class.[5] Since each local commissioner is bound to follow the challenged regulations, their defenses can be expected to be the same. Thus, defendant Grinker's interests are identical to the interests of the proposed class members.

Finally, it is clear that defendant Grinker will fairly and adequately protect the interests of the class as required by Rule 23(a)(4). First, as commissioner of the largest social services district in New York State, Commissioner Grinker can be expected to undertake a vigorous defense which will protect the interests of the class. Second, there is no conflict between the class representative and the class members. Finally, there is no requirement that the class representative be willing to assume that role. *See*, 1 Newberg, *supra*, § 4.58 at 397 ("Unwillingness of a defendant to serve as a representative for a defendant class is, in reality, a positive factor for vigorous defense of the action for itself and on behalf of the class"); Note, *Defendant Class Ac-*

*tions*, 91 Harv.L.Rev. 360 (1978) ("If a mere statement of unwillingness to undertake the representative role were decisive, there would rarely be any defendant classes"). Thus, plaintiff has fulfilled the prerequisites of Rule 23(a).

### B. Rule 23(b)

In addition to fulfilling the prerequisites of Rule 23(a), plaintiff must show that the proposed defendant class satisfies one of the three provisions of Rule 23(b). Here, the defendant class meets the requirements of Rule 23(b)(2).

■ As a general rule, certification of a defendant class under 23(b)(2) is improper unless each member of the plaintiff class has a claim against each member of the defendant class. However, this judicially-created requirement need not be met when the members of the proposed class are related by a "juridical link." *Thillens, Inc. v. Community Currency Exchange Assn.*, 97 F.R.D. 668 (N.D.Ill.1983); *DeAllaume v. Perales*, 110 F.R.D. 299, 303, 304 (S.D.N.Y. 1986); *Follette v. Vitanza*, 658 F.Supp. 492, 507 (N.D.N.Y.1987). A "juridical link" has been defined as

> some [independent] legal relationship which relates all defendants in a way such that single resolution of the dispute is preferred to a multiplicity of similar actions.

*Thillens, Inc. v. Community Currency Exchange Assn.*, 97 F.R.D. at 676. The *DeAllaume* court held that such a link exists where all members of a defendant class are officials of a state who are bound to act in accordance with a state statute, regulation or unified policy under attack by plaintiff. *DeAllaume v. Perales*, 110 F.R. D. at 303, 304. In this case, all the members of the defendant class are local commissioners bound to enforce the state regulations challenged by plaintiff; thus, they

---

**4.** The Court notes that the only specific difference in implementation of the regulations mentioned by any of the defendants is New York City's use of a different computer system for the payment of benefits. *See*, State Defendant's Memorandum of Law in Opposition to Class Certification, at p. 13, fn 4.

**5.** Plaintiff proposes that defendant William J. Grinker, the only local commissioner named in the complaint, serve as the class representative.

are bound by a "juridical link" and certification of a plaintiff class is appropriate.[6]

 Defendants do not claim that the proposed defendant class fails to satisfy the requirements of 23(b)(2); instead, defendants claim that 23(b)(2) does not authorize a defendant class. Although there is some authority to the contrary in other circuits,[7] the Second Circuit has held that certification of a defendant class of local public officials is appropriate under 23(b)(2). *Marcera v. Chinlund,* 595 F.2d at 1238. *See also, DeAllaume v. Perales, supra; Follette v. Vitanza, supra.* This Court is bound by the law of the circuit.

Accordingly, I hold that plaintiff has satisfied the requirements of Rule 23(b)(2), with respect to the proposed defendant class. Because I hold that plaintiff has met the requirements of 23(b)(2), I need not address whether plaintiff has also satisfied 23(b)(1)(A) or 23(b)(1)(B), and make no finding thereon.

### C. Defendant's Other Objections

Defendants argue that certification of a defendant class is unnecessary because if plaintiff wins, all proposed class members will be bound to follow the changes in the regulations. However, plaintiff here seeks retroactive benefits as well as injunctive relief. Thus, the putative class members cannot be made whole unless the defendant class is certified or all defendants are joined.

Defendant HRA argues that certification would place a "tremendous burden" on it to update class members on the progress of the litigation. This burden is minimal, especially given the fact that the state communicates with the social services districts by means of Administrative Directives. The burden that would be imposed on the 58 officials if they were all joined as defendants would be greater than the burden imposed by class certification. Accordingly, the Court finds that a class action will be superior to any other available method for the fair and efficient adjudication of the controversy.

Plaintiff's motion for certification of a plaintiff class and a defendant class is hereby granted.

SO ORDERED.

---

**6.** The Court notes that the identical defendant class of 58 local commissioners was certified in this district in the *DeAllaume* case. In that case, as here, the 58 local commissioners were alleged to be carrying out a policy directive of the state which the plaintiff challenged.

**7.** Some courts have argued persuasively that the language of Rule 23(b)(2) suggests that the drafters contemplated that only a plaintiff class, not a defendant class, would be certified pursuant to this sub-section. In particular, the Court notes the well-reasoned opinion of Judge Posner in *Henson v. East Lincoln Township,* 814 F.2d 410, 414 (7th Cir.), *cert. granted,* — U.S. —, 108 S.Ct. 283, 98 L.Ed.2d 244 (1987), *motion to* defer further proceedings granted, — U.S. —, 108 S.Ct. 1009, 98 L.Ed.2d 975 (1988). *See also, Thompson v. Board of Education,* 709 F.2d 1200 (6th Cir.1983); *Paxman v. Campbell,* 612 F.2d 848, 854 (4th Cir.1980), *cert. denied* 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 117 (1987) ("As is clear from the language of the Rule, it is applicable to situations in which a class of plaintiffs seeks injunctive relief against a single defendant—the party opposing the class—who has acted on grounds generally applicable to the plaintiff class"). It is difficult to picture a situation in which action or inaction by *plaintiff* could make injunctive relief against *defendants* appropriate.