**Harold GELB, Plaintiff,**

v.

**AMERICAN TELEPHONE & TELEGRAPH COMPANY, Robert E. Allen, Morris Tanenbaum and John Does I–X, Defendants.**

**No. 90 Civ. 7212 (LMM).**

United States District Court,
S.D. New York.

Aug. 19, 1993.

Roger W. Kirby, Kaufman Malchman Kaufmann & Kirby, New York City (Henry P. Monaghan, of counsel), for plaintiff, Harold Gelb.

Robert W. Hirth, Sidley & Austin, New York City, for defendants, AT & T, Allen and Tanenbaum.

MEMORANDUM AND ORDER

McKENNA, District Judge.

**I.**

Plaintiff Harold Gelb ("Plaintiff") moves for an order pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure certifying a class consisting of all persons who have acquired and used the AT & T calling

card since January 1, 1987, and who were financially responsible for payments, but not including AT & T or any of its affiliates, subsidiaries, officers or directors, and their families. In addition, Plaintiff seeks to have himself designated as representative of the class and his counsel as its counsel. In this Court's Memorandum and Order dated February 8, 1993, 813 F.Supp. 1022, familiarity with which is assumed, the Court instructed the parties to address the Court's concerns expressed in that Order. In particular, the Court requested that upon the filing of Plaintiff's motion for class certification, the parties address the appropriateness of a damages award in light of the filed rate doctrine and the likelihood of arriving at a justiciable standard in light of the large class anticipated.

With the present Order, the Court concludes that certification pursuant to Rule 23(b)(2) is appropriate so that Plaintiff may pursue on behalf of the class his claim for injunctive relief.[1] *See* Fed.R.Civ.P. 23(c)(4)(A). Any possible claim for monetary damages, however characterized,—and the attendant issues of their possible bar by the filed rate doctrine and the possible applicability of Rule 23(b)(3)—are reserved until such time as the Court determines the merits of Plaintiff's claim for injunctive relief.

## II.

■ While noting that both Fed.R.Civ.P. 23(b)(2) and 23(b)(3) are relevant in the present action in light of the relief sought, Plaintiff seeks certification pursuant only to Rule 23(b)(2). In order to maintain a class action, four prerequisites must be met.[2] The Court concludes that at least as to the Plaintiff's claim for injunctive relief, these prerequisites have been met.[3] Rule 23(b)(2) provides that in addition to the requirements in subdivision (a), a class action may be maintained if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

In this Court's view, the market fraud alleged is directed at all cardholders and, if proven, would show that Defendants "acted . . . on grounds generally applicable to the class." By its nature, the alleged market fraud in advertising would have been intended to affect the similarly situated cardholders and is part of a pattern of activity directed not at one particular individual, but at the universe of cardholders.

Of particular concern here is whether it is appropriate to certify the plaintiff class given Plaintiff's assertion that, in addition to injunctive relief, he seeks "equitable" or "incidental" compensatory damages, as in several regulatory enforcement actions. *SEC v. Rind,* 991 F.2d 1486, 1493 (9th Cir.), *petition for cert. filed,* 62 U.S.L.W. 3061 (U.S. Aug. 3, 1993) (93–97); *CFTC v. American Metals Exchange Corp.,* 991 F.2d 71, 76 (3rd Cir. 1993); *CFTC v. British American Commodity Opt.,* 788 F.2d 92, 94 (2d Cir.), *cert. denied,* 479 U.S. 853, 107 S.Ct. 186, 93 L.Ed.2d

---

1. The Court need not decide at this time whether the injunctive remedy sought by Plaintiff is improper or moot. Whether defendants have made adequate disclosure in their communications with customers is in dispute and goes to the merits of the claim. Whether the facts will show a claim for which monetary or equitable relief is available also goes to the merits of the fraud claim.

2. Fed.R.Civ.P. 23(a) states:

   (a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

3. The fact that Plaintiff is now an "inactive" cardholder does not strip him of standing to sue nor does he fail to fulfill the "typicality" or "adequacy" requirements of Rule 23(a) for this reason. Clearly, Plaintiff alleges he was defrauded by defendants and that the fraudulent practices were ongoing at the time the Complaint was filed. *See Robidoux v. Celani,* 987 F.2d 931, 936 (2d Cir.1993). Further, his claim would resemble those of others who succumbed to the allegedly fraudulent campaign, whether or not other facts vary among class members, i.e., whether they are "inactive" or not, whether they "succumbed" before or after Plaintiff, how they "succumbed," etc. *See Robidoux,* 987 F.2d at 936–37.

120 (1986).[4] Defendant's principal argument in this regard is that due to the huge numbers of cardholders contemplated by this suit and the large sums of money implicitly at stake (even if only an extremely small sum were awarded to each individual), Plaintiff's claim for monetary relief cannot be termed "incidental."[5] Thus, Defendants assert, under the "predominance test," frequently used to determine which form of relief is prevalent, the Court should find subdivision (b)(2) relief is prevalent, the Court should find subdivision (b)(2) inapplicable. *Compare Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 564 (2d Cir.1968) (class action by odd-lot investor against brokerage firms was not properly brought under Rule 23(b)(2) since primary claim was for money damages) *with Probe v. State Teachers' Retirement Sys.*, 780 F.2d 776, 780 (9th Cir.), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986) (plaintiffs' request for money damages "is merely incidental to their primary claim for injunctive relief to prohibit the use of sex-based mortality tables"), and *Parker v. Local Union No. 1466, United Steelworkers of America*, 642 F.2d 104, 107 (5th Cir.1981) (trial court did not err in awarding damages to Rule 23(b)(2) class because the terms of subsection (b)(2) do not preclude monetary relief); *See also* H.B. Newberg, 1 *Newberg on Class Actions* § 4.14, at 4–49 (3d ed., December 1992). The Court disagrees that Plaintiff's predominant claim is the damages claim. Even if damages are eventually awarded in this case, a far from certain proposition given the filed rate doctrine and that damages may need to be proven individually, injunctive relief constitutes a signifi-cant aspect of the relief sought. From the outset of this action, Plaintiff has sought to curtail Defendants' allegedly misleading advertising and to compel a more forthright description of the rate structure. The nature of the claim and the amount of alleged damages to Plaintiff or any other class member precludes the conclusion that Plaintiff's sole motivation is financial.

In any event, this Court subscribes to the approach of several commentators that

> rather than a monetary award neither promote the disposition of the case on the merits nor represent a useful expenditure of energy. Therefore, they should be avoided. If the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed under subdivision (b)(2).

Charles A. Wright, *et al.*, 7A *Federal Practice and Procedure: Civil 2d*, § 1775, at 470 (1986). Professor Newberg advocates the same approach and goes on to state:

> the Court has at least four options for class certification. First, under Rule 23(c)(4)(A), the court could limit the Rule 23(b)(2) certification to certain issues only. Second, the court could certify the injunction claims under Rule 23(b)(2) and the damages claims under Rule 23(b)(3). Third, the court could certify the entire class initially under Rule 23(b)(2), bifurcate the trial so that the defendant's liability potentially for both forms of relief is determined initially, and reconsider the class certification category if the plaintiffs and the class are successful at the liability

---

**4.** In addition to avoiding at this stage the notice and opt-out requirements of a Rule 23(b)(3) class action, *see* Rule 23(c)(2), by emphasizing his injunctive relief claim, Plaintiff also avoids the potentially serious pitfalls of the filed rate doctrine. However, as noted in other cases invoking the filed rate doctrine to preclude damages but permitting the injunctive relief claim to proceed, *see Square D Co. v. Niagara Frontier Tariff Bureau*, 476 U.S. 409, 422 n. 28, 106 S.Ct. 1922, 1930 n. 28, 90 L.Ed.2d 413 (1986); *Pinney Dock and Transport Co. v. Penn Central Corp.*, 838 F.2d 1445, 1457 (6th Cir.), *cert. denied*, 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988), Plaintiff is entitled to pursue his injunctive relief claim. Pursuant to Rule 23(d), this Court may enter appropriate procedural orders, including requir-ing that notice be given to some or all putative class members. The Court declines to order notification at this stage, being of the view that fairness to uninformed plaintiffs will not be contravened by proceeding at this time to adjudicate the merits of only the injunctive claim.

**5.** Defendants also argue that because massive individualized proof is required before monetary relief could be awarded, the damages claim is not incidental. While there is certainly some controversy as to whether Plaintiff's damages claim can proceed, the Court declines to determine this issue on the present motion, including the issue of individual or aggregate proof of damages.

stage. Finally, the court could certify special claims or issues under Rule 23(b)(2) and treat all the nondesignated claims or issues as individual or incidental ones to be determined separately after liability to the class has been adjudicated.

Newberg, 1 *Newberg on Class Actions* § 4.14, at 4–51—4–52. Both the third and the fourth approaches outlined by Professor Newberg seem particularly relevant and useful in the present action. Plaintiff is entitled to pursue his injunctive claim (without reference to damages) as a class action; if and only if liability is found and an injunction issues need the Court consider how to resolve the damages issue.[6]

Because this Court has determined that, at least initially, no class-wide monetary damages will be assessed and distributed, and that the certification granted pertains only to injunctive and declaratory relief, the issue arises as to whether class relief is necessary. Although several courts have rejected adding this prerequisite to the others of Rule 23, *see Brown v. Scott*, 602 F.2d 791, 795 (7th Cir. 1979), *aff'd on other grounds sub nom., Carey v. Brown*, 447 U.S. 455, 100 S.Ct. 2286, 65 L.Ed.2d 263 (1980), courts in this and other circuits have examined the need for class relief and rejected class certifications in some instances. *See e.g., Davis v. Smith*, 607 F.2d 535, 540 (2d Cir.1978) (where retroactive monetary relief not at issue and prospective benefits of declaratory and injunctive relief will benefit all members of a proposed class to such an extent that the certification of a class would not further the implementation of the judgment, district court may decline certification); *Lent v. Lopes*, 107 F.R.D. 62, 63 (D.Conn.1985) (in action seeking declaratory and injunctive relief for overcrowded and unhealthful prison conditions, all members of proposed class would benefit from any relief granted); *Kow v. New York City Housing*

*Authority,* 92 F.R.D. 73 (S.D.N.Y.1981) (no reason to doubt public agency would give all affected members of the proposed class the benefits of any judgment accorded the tenant).

In the present case, the Court finds adequate need for class certification. The fact that the Court has *not* determined that monetary relief on behalf of the class is unavailable—nor is the Court concluding today that such damages can only be awarded as part of a Rule 23(b)(3) claim—is one reason to certify a (b)(2) class rather than denying certification and thereby precluding monetary relief to all cardholders.[7] Wright, 7B *Federal Practice and Procedure,* § 1785.2 at 182–84 (citing *Copeland v. Perales,* 141 F.R.D. 11 (E.D.N.Y.1992), and *Luyando v. Bowen,* 124 F.R.D. 52 (S.D.N.Y.1989)). However, even assuming any monetary relief to be inappropriate here, the Court concludes that the universal nature of the alleged fraud warrants proceeding as a class action.

While this Court is confronted with a very different kind of claim, the Court reaches the same conclusion as the court in *Kozlowski v. Coughlin,* 539 F.Supp. 852 (S.D.N.Y.1982), which involved a proposed class action challenging the constitutionality of a directive applicable to the visitation program in state correctional facilities. The court in *Kozlowski* stated, "we find [ (b)(2) ] certification in this case 'advisable to cautiously safeguard the interests of the entire class by ensuring that any order runs to the class as a whole.'" *Id.* at 855 (quoting *Mendoza v. Lavine,* 72 F.R.D. 520, 523 (S.D.N.Y.1976)). As stated in Wright and Miller, "[s]ome courts … have suggested that class certification is preferred because it will make the scope of any judgment explicit and unmistakable, to the benefit of both plaintiffs and defendants." Wright, 7B *Federal Practice and Procedure*

---

**6.** Because the Court will not consider whether to award monetary damages until injunctive relief is determined, there is no conflict with the requirements in Rule 23(c). Under Rule 23(c)(2), notice is only mandatory in Rule 23(b)(3) actions. Otherwise, the Court may, in its discretion, order notice pursuant to Rule 23(d)(2). *See* Fed. R.Civ.P. 23, Supplementary Advisory Committee's Note, 1966 Amendment, Subdivision (c)(2) and Subdivision (d)(2).

**7.** In the present action, a monetary damages award to Plaintiff or to merely a few cardholders would no doubt pose the greatest risk of running afoul of the nondiscrimination strand of the filed rate doctrine. *See* Mem. and Order of Feb. 8, 1993, 813 F.Supp. at 1032–33.

§ 1785.2, at 185–187 (citing *Laurido v. Simon,* 489 F.Supp. 1169, 1174 (S.D.N.Y.1980), and *Rodriguez v. Percell,* 391 F.Supp. 38, 41 n. 2 (S.D.N.Y.1975)).

### III.

For the foregoing reasons, Plaintiff's motion for class certification pursuant to Rule 23(b)(2) is granted with the limitation herein expressed that only Plaintiff's claim for injunctive relief is to be adjudicated pursuant to the present certification.

SO ORDERED.